IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

FEBRUARY TERM, 1903.

---

JOHN F. DAUM, DEFENDANT IN ERROR, v. THE NORTH JERSEY STREET RAILWAY COMPANY, PLAINTIFF IN ERROR.

Argued November 11, 1902—Decided February 24, 1903.

Plaintiff, an employe of a gas company, was engaged in laying a gas main on a public street, and was kneeling down, with his back to the tracks of the defendant and with one of his feet upon or over the nearest rail, and, while handing timber to the men in the trench, was run over by defendant's car. No warning was given of the approach of the car, although it was the custom of those operating the cars to ring a gong when approaching the point where the gas company's servants were at work. Before kneeling plaintiff looked in the direction from which the car approached, and no car was in sight; he did not look again, and a minute later the car came into the avenue, about two hundred and fifty feet from where he was kneeling, and ran over his foot. *Held*—

(1) Assuming that, as a matter of law, it cannot be said that it is the duty of a street railway company to give notice to persons working on the streets, in dangerous proximity to its tracks, of the approach of its cars, it is a question for the jury, when it assumes such duty, whether its failure to give it is not negligence.

(2) It having been shown that the plaintiff knew that it was the

custom of the street railway company to give warning when a car was approaching the point where the gas company's employes were at work, and that he looked, when he knelt down, for the purpose of ascertaining whether a car was approaching, it was a question for the jury whether it was negligent for him, under existing circumstances, not to make another observation during the minute which elapsed before the accident occurred.

On error to the Hudson Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiff in error, *Vredenburgh, Wall & Van Winkle.*

For the defendant in error, *Simpson & Lillis.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought to recover for personal injury received by the plaintiff under the following circumstances: He was an employe of the Hudson County Gas Company, which, at the time when he received his injury, was engaged in laying a gas main through Summit avenue, in the city of Jersey City. For the purpose of laying the main the company had opened a trench in the street, about four feet wide, between the westerly curbline and the tracks of the defendant company, the east line of the trench being about three feet distant from the nearest rail of the car track. The duty of the plaintiff was to carry pieces of lumber from a point where it was piled to the trench, and there deliver it to other employes, who were at work in the trench, and who used the lumber for the purpose of blocking up the gas main in order to keep it level. It was while engaged in doing this work that he received the injury on account of which the suit was brought. The evidence produced by the plaintiff shows that, for the purpose of delivering these pieces of timber, or braces, to his fellow-workmen, he went upon that part of the street between the trench and the car track, and knelt down there, with his back to the tracks and with one of his feet

upon or over the nearest rail; and that, while engaged in handing the braces to the men in the trench, one of the cars of the defendant company came by and ran over his foot. It further appeared that the plaintiff, when he knelt down, looked in the direction from which the car approached, and that, at that time, there was no car in sight; that he did not look again before the accident happened; that the accident occurred about a minute after he knelt down; that the car came into Summit avenue at "Five Points," which was about two hundred and fifty feet distant from the point where the plaintiff was kneeling; that no warning was given of the approach of the car, either by the ringing of a gong or otherwise; and that it was the custom of those of the defendant company's employes who were operating these cars to ring a gong when approaching the point where the gas company's servants were at work.

At the close of the plaintiff's case there was a motion to nonsuit, upon the ground that no negligence was shown on the part of the defendant company or its employes, and upon the further ground that it affirmatively appeared that the plaintiff contributed by his own negligence to the injury which he received. This motion was refused by the trial judge, and the first assignment of error is directed to this refusal.

Assuming, but not admitting, that it cannot be said, as a matter of law, that it is the duty of a street railway company to give notice to persons working in a public highway, in dangerous proximity to its tracks, of the approach of its cars, it is at least a question for the jury, and not the court, whether, when the company assumes such a duty, its failure to perform it in a given instance is not negligence. And that was the situation in the case before us. As has already been stated, it was the custom of the defendant's employes who were operating its cars to ring a gong when approaching the place where the servants of the gas company were at work.

It is further contended, on the point that no negligence was shown on the part of the defendant or its employes, that, in the absence of proof to the contrary, the gas company is to be

presumed to have been prosecuting its work in the public
street without right, and that consequently the plaintiff was a
trespasser on the track of the defendant. But if absence of
proof on the subject justifies the conclusion that the gas com-
pany was without authority to do the work in which it was
engaged, it must also be concluded that the presence of the
defendant's tracks in the street was unauthorized, for there is
an entire absence of proof on that subject also. Consequently,
notwithstanding the unwarranted action of the gas company
(if it was such), the plaintiff was not a trespasser so far as
the defendant company was concerned.

But we do not consider that want of proof on the subject
justifies the conclusion that the gas company and its employes
were not lawfully prosecuting the work in which they were
engaged. In the absence of proof, there is no presumption,
either in favor of or against such a conclusion. There being
no evidence that the plaintiff was a trespasser upon the track
of the defendant company, it was not entitled to have its
responsibility to him limited to injuries which were willfully
inflicted.

We conclude, therefore, that it could not have been said,
as a matter of law, at the close of the plaintiff's case, that
there was no evidence upon which the negligence of the de-
fendant company could have been predicated.

Nor do we think, as the case then stood, that the trial judge
would have been justified in taking it from the jury upon the
ground that contributory negligence on the part of the plaint-
iff had been conclusively shown. Although he was bound to
use reasonable care for his own safety, this did not require
him to look continuously for the approach of a car. To have
done this would have made it impossible for him to perform
his work. He knew that he was in a place where he was safe,
except when a car was passing. He knew, too, that it was
the custom, when a car was approaching, for the motorman to
ring his gong as a warning; and he had a right to expect that
this warning would be given to him. Having looked, when
he knelt down near the track, for the purpose of ascertaining
whether a car was approaching, it was a question for the jury

to determine whether it was negligent in him, under the existing circumstances, not to make another observation during the minute which elapsed before the accident occurred. *Harmer* v. *Reed Apartment, &c., Co.,* 39 *Vroom* 332.

The second assignment of error is directed at the action of the trial court in overruling a question asked of one of the plaintiff's witnesses upon cross-examination. The witness, having stated that he himself had, on one occasion, been injured by one of the defendant company's trolley cars, was asked, "Did you present any claim to the company?" and, on objection being made, the question was overruled. It seems manifest that this question was immaterial. The contention is that it called for an answer which would have shown bias on the part of the witness, thereby affecting his credibility. But the mere fact that he did, or did not, present a claim to the company could not have had any such effect. If the witness had presented a claim, and his claim had been refused recognition, this fact might have tended to show bias; but the question asked did not call for the disclosure of any such fact. It was properly overruled.

The defendant produced as a witness the motorman who was operating the car which ran over the plaintiff. He testified that, as the car approached the point where the accident happened, the plaintiff was facing him, and appeared to him to see the car. He was then asked by the defendant's counsel this question: "As you came along, do you know whether this man Daum [the plaintiff] saw you?" This question was overruled, on the ground that the witness could not *know* whether the plaintiff saw him, and this ruling is the ground of the third assignment of error. The trial judge properly excluded this question. The witness had already testified that the plaintiff *appeared to him* to see the car, and this was the limit to which he could truthfully go in his testimony. He could not know, absolutely, whether the plaintiff did, or did not, see the car.

The fourth assignment of error, and the last which is argued on behalf of the defendant company, is directed at the ruling of the trial judge in excluding a written statement, signed by one of the plaintiff's witnesses with his mark. The

statement was offered for the purpose of impeaching the witness, the facts set forth therein being said to be contradictory of evidence given by him on the witness-stand. But, in order to make it competent for the purpose for which it was offered, it was necessary for the plaintiff in error to have first inquired of the witness whether he had not made a statement setting forth the facts which were contained in it; and this was not done. Neither was it shown that the witness had any knowledge of what the statement contained when he signed it. It was not written by him; he was unable to read, and it does not appear that it was read over to him. The statement was properly excluded.

The assignments of error relied upon by plaintiff in error being without substance, the judgment under review should be affirmed.