## CHARLES GOESSEL v. CENTRAL RAILROAD OF NEW JERSEY.

Submitted December 1, 1910—Decided January 6, 1911.

In an action by an engine wiper whose head was struck against the side wall of the doorway of the shop out of which the engine was moved by the defendant while plaintiff was at work—*Held*, that the questions of the negligence of the defendant and the contributory negligence of or the assumption of risk by the plaintiff were properly left to the jury.

On rule to show cause.

The plaintiff, Charles Goessel, who, at that time, was seventeen years of age, was injured while in the employ of the defendant company as an engine wiper. The plaintiff had been working for the defendant company nine days, and this was the first day that he had been required to do this work in the machine shop. His duties required him to wipe the engines where they might happen to be.

On the morning of the accident he went into the machine shop, under orders, to wipe the engine in question. It was a cold morning, the doors of the machine shop were closed and the escape of smoke and steam from the engines made it difficult to see, and the noise of the work that was going on in the machine shop made it difficult to hear. The machine shop was built some years ago (when the locomotives used were smaller than the ones in use at the time of the accident), and there was only a space of about five inches between the side of the cab where plaintiff was working at the time of the accident and the brick wall of the doorway. Plaintiff at the time of the accident was wiping windows of the cab, and the uncontradicted proof is that in order to do this work it was necessary for him to get down on his knees on the inside of the cab and lean his head and arm and part of his body out of the cab, and he was engaged in working in this way when the engine was run out of the shop and his head crushed between the brick door-jamb and the side of the cab, which tore his ear and also cut his head badly. Plaintiff received no warning of the dangerous conditions there and did not know of the risk and was unable, because of the darkness, to see the danger.

The verdict was for the plaintiff $1,700.

On this rule to show cause the defendant contends, *first,* that no negligence of the defendant was shown; *second,* that the plaintiff was guilty of contributory negligence, and *third,* that the damages were excessive.

Before Justices GARRISON, SWAYZE and VOORHEES.

For the rule, *George Holmes* and *George H. Large.*

*Contra, William C. Gebhardt.*

· The opinion of the court was delivered by

GARRISON, J. It was not necessary for the plaintiff to show that the construction of the defendant's machine shop was *per se* negligent with reference to the work the plaintiff was set to do therein, viz., to wipe a locomotive that was to be moved through the doorway while plaintiff was at work. Although the space between the outside of the cab and the side wall of the doorway was only five inches, a person whose work required him to lean outside the cab would have been adequately safeguarded by an appropriate warning. The situation therefore was such that the defendant would have been in the exercise of reasonable care with respect to the plaintiff if it either refrained from running the locomotive through the narrow aperture while the plaintiff was wiping the cab, or if when so running it it gave him due warning thereof. It was for the defendant to decide which of these methods of safeguarding the plaintiff it would adopt; it was a question of the exercise of reasonable care whether it could omit both. In fine, if the duty that the defendant owed to its servant, and it clearly owed some, was in the alternative so that neither mode of its performance was imperative upon the defendant, still this did not conclusively absolve the defendant from the performance of both. The court properly declined to control the verdict upon this ground.

The claim of contributory negligence, with which ·the plaintiff's assumption of obvious risk is somewhat confounded in the argument, is based upon considerations that ascribe to the plaintiff a duty of being constantly on the lookout for his own safety that is inconsistent with the efficient performance of the manual labor he was set to do. A servant may reasonably be required to acquaint himself with the appliances with which he is to work, and is properly chargeable with knowledge of the dangers incident to their use; this presumption, however, cannot be extended to all parts of the master's service or to a general supervision of his business methods without an entire destruction of the efficiency of

labor and of the relation of master and servant. We are in danger, in dealing with this relation, of laying down theoretical propositions of law that in their application may leave entirely out of sight the actual facts upon which that relation is based and the practical effects that are required to grow out of it. As a naked legal proposition it may be said that a servant must use all reasonable means for his own safety while at his master's work, but if this be held to mean that he is to devote any considerable portion of his time to an investigation of his master's business methods outside of the work he is set to do, or that he may devote a still greater portion of his time to looking out for dangers that may possibly result to him. from the work that other servants have been set to do, such proposition would be of no practical use in determining the relation of master and servant for the simple reason that such relation would itself be terminated by the master the moment he realized that he was paying a servant not to work for him but to criticise the methods by which others were doing their work and to keep. a constant lookout for possible dangers that might come to him from such outside sources.

In aid, therefore, of both master and servant, the presumption in favor of the latter is against the negligence of the former; so that the servant is not, as matter of law, required to neglect his own duty in order to assure himself that the master is performing his. An apt illustration is *Daum* v. *North Jersey Street Railway Co.,* 40 *Vroom* 1, where the court refused to ascribe contributory negligence to a workman in a trench near to the trolley track because of his failure to look for an approaching car that struck him. "Although," said Chief Justice Gummere, "he was bound to use reasonable care for his own safety, this did not require him to look continuously for the approach of a car. To have done this would have made it impossible for him to perform his work."

The case of *Young* v. *Delaware, Lackawanna and Western Railroad Co.,* 39 *Vroom* 603, is quite directly in point.

We think that in view of the uncontradicted testimony, and the presumptions to which the plaintiff was entitled, the court would have erred in taking from the jury the decision of the questions raised by the motions for a nonsuit and the direction of a verdict.

The damages under the testimony are not excessive.

The rule to show cause is discharged.